COURT OF APPEALS OF VIRGINIA

Present: Judges Bray, Annunziata and Overton


MONTCLAIR COUNTRY CLUB
AND
ZURICH INSURANCE COMPANY                    MEMORANDUM OPINION[*]
                                              PER CURIAM
v.   Record No. 2986-96-4                    APRIL 29, 1997

LAURA JAHNKE


        FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            (Joseph C. Veith, III; Montedonico, Hamilton &
            Altman, on brief), for appellants.

            (Michael E. Canode; Bond, Conte & Norman, on
            brief), for appellee.


     Montclair Country Club and its insurer (hereinafter

collectively referred to as "employer") contend that the Workers'

Compensation Commission (commission) erred in awarding temporary

total disability benefits to Laura Jahnke (claimant) and in

finding that she did not bear the burden of proving she made a

good faith effort to market her residual work capacity after

August 18, 1995.  Upon reviewing the record and the briefs of the

parties, we conclude that this appeal is without merit.

Accordingly, we summarily affirm the commission's decision.  Rule

5A:27.

     On appeal, we view the evidence in the light most favorable

to the prevailing party below.  R.G. Moore Bldg. Corp. v.

Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).

---

        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

Factual findings made by the commission will be upheld on appeal if supported by credible evidence. James v. Capitol Steel Constr. Co., 8 Va. App. 512, 515, 382 S.E.2d 487, 488 (1989).

On August 14, 1995, claimant's counsel posed written questions to Dr. Abdorasool Janati, claimant's treating neurosurgeon. Counsel asked Dr. Janati whether claimant was presently disabled as a result of her March 21, 1991 compensable injury by accident, and if so, whether that disability was total or partial. Counsel also requested that Dr. Janati set forth claimant's limitations if she was only partially disabled. On August 18, 1995, Dr. Janati responded to these questions. Dr. Janati stated that claimant had sustained injuries to her neck and right upper extremity as a result of a work-related accident on March 12, 1991. Dr. Janati opined that claimant continued to suffer from symptoms of reflex sympathetic dystrophy of the right upper extremity possibly associated with thoracic outlet syndrome secondary to the work accident. Dr. Janati further opined that claimant's condition would require surgery, and that she would remain totally disabled pending surgical intervention.

On March 6, 1996, claimant's counsel sent a similar letter to Dr. Janati. On April 3, 1996, Dr. Janati responded, stating that claimant's condition remained unchanged, and that she continued to be totally disabled.

Claimant testified that she did not believe she had ever been released to return to work since the 1991 accident. She

stated that she was incapable of working.  Yet, beginning in September 1995, claimant made efforts to market her residual capacity.  Claimant admitted that she was aware that on August 31, 1995, Dr. Janati had advised her not to lift more than twenty-five pounds and to avoid pushing, pulling, and repeated bending.[1]

Based upon this record, the commission held that claimant proved that she had been totally disabled from work since August 18, 1995.  Dr. Janati's uncontradicted opinions and claimant's testimony provide credible evidence to support the commission's decision.

In its role as fact finder, the commission was entitled to weigh the medical evidence, and to infer that Dr. Janati's August 31, 1995 cautionary instructions to claimant regarding her daily activities did not constitute work restrictions or a release to gainful employment.  "Where reasonable inferences may be drawn from the evidence in support of the commission's factual findings, they will not be disturbed by this Court on appeal." Hawks v. Henrico County Sch. Bd., 7 Va. App. 398, 404, 374 S.E.2d 695, 698 (1988).  Dr. Janati's August 18, 1995 and April 3, 1996 responses to counsel's clear and unambiguous questions proved that Dr. Janati did not believe that claimant was only partially

---

[1]In his August 31, 1995 office notes, Dr. Janati wrote as follows:  "I will see the patient back in follow-up in one month.  In the meantime I have cautioned the patient against heavy lifting (25 lbs. or more), pulling, pushing, and repeated bending."

disabled.  Rather, he made it clear in both instances that claimant remained totally disabled due to injuries causally related to the March 21, 1991 compensable injury by accident.  If Dr. Janati believed that claimant was only partially disabled and that she could work with specific restrictions, he had every opportunity to provide such an opinion.  Yet, he chose not to do so.

Because credible evidence supports the commission's finding that claimant remained totally disabled after August 18, 1995, we find that the commission did not err in not requiring claimant to prove that she made a good faith effort to market her residual work capacity.

For the reasons stated, we affirm the commission's decision.

Affirmed.

4